```
 1  C. D. Michel - S.B.N. 144258
    Don B. Kates - S.B.N. 39193
 2  Jason A. Davis - S.B.N. 222250
    Clinton B. Monfort - S.B.N. 255609
 3  TRUTANICH • MICHEL, LLP
    180 E. Ocean Boulevard, Suite 200
 4  Long Beach, CA 90802
    Telephone: 562-216-4444
 5  Facsimile: 562-216-4445
    Email: cmichel@tmllp.com
 6
 7  Attorneys for Plaintiffs
 8
                                           E-filing
 9          IN THE UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                  SAN FRANCISCO DIVISION
12  GUY MONTAG DOE, NATIONAL   )  CASE NO.    ORIGINAL
    RIFLE ASSOCIATION OF       )
13  AMERICA, INC., CITIZENS    )  PLAINTIFF GUY MONTAG DOE'S
    COMMITTEE FOR THE RIGHT TO )  MOTION TO PROCEED
14  KEEP AND BEAR ARMS,        )  ANONYMOUSLY      EDL
                               )
15                             )  CV 08           3112
         Plaintiffs,           )
16                             )
              vs.              )
17                             )
                               )
18  SAN FRANCISCO HOUSING      )
    AUTHORITY, MIRIAM SAENZ, IN)
19  HER OFFICIAL CAPACITY,     )
    HENRY ALVAREZ III, IN HIS  )
20  OFFICIAL CAPACITY, JOHN    )
    STEWART COMPANY, CITY AND  )
21  COUNTY OF SAN FRANCISCO,   )
    GAVIN NEWSOM, IN HIS       )
22  OFFICIAL CAPACITY, AND DOES)
    1-10,                      )
23                             )
         Defendants.           )
24                             )
25
26
27
28
                               1
```

FILED JUN 27 2008 RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

1   PLAINTIFF GUY MONTAG DOE hereby moves this court for leave to file
2 the accompanying Complaint for Declaratory and Injunctive Relief, filed
3 concurrently herewith, under the anonymous pseudonym GUY MONTAG DOE.
4   All factual allegations of plaintiffs' Complaint for Declaratory and Injunctive
5 Relief are incorporated herein by reference as if set forth verbatim.
6   Plaintiff files this motion out of an abundance of caution, noting that the court
7 does not lose jurisdiction merely because the plaintiff files under a fictitious name
8 but fails to request leave to proceed anonymously at the same time the complaint is
9 filed.  Rule 17 of the Federal Rules of Civil Procedure provides that no action may
10 be dismissed on the ground that it is not prosecuted in the name of the real party in
11 interest until a reasonable time has been allowed after objection for joinder or
12 substitution of the real party in interest.  Once a defendant has moved to dismiss a
13 complaint on the ground that it fails to name a plaintiff, courts have allowed the
14 plaintiff to move at that time for leave to proceed under a fictitious name. 2 James
15 W.M. Moore et al., Moore's Federal Practice - Civil § 10.02 (2)(c)(ii) (3d. ed.
16 2008). The decision to allow use of a fictitious name is generally deemed to be
17 within the court's discretion. *Ibid.*
18   Accordingly, plaintiff respectfully makes this request for leave to proceed
19 anonymously under the authority of the Ninth Circuit's decision in *Does I through*
20 *XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 2000 U.S. App. Lexis 12049 (9th
21 Cir. 2002).  In *Does I-XXIII*, the Court reversed the district court's order granting
22 defendants' motion to dismiss and denied plaintiffs' cross motion to proceed
23 anonymously. Specifically, the court stated:

> We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, see *Southern Methodist Univ.*, 599 F.2d at 713; [**23] (2) the reasonableness of the anonymous party's fears, see *Stegall*, 653

F.2d at 186; and (3) the anonymous party's vulnerability to such retaliation, see id. (discussing vulnerability of child plaintiffs); *Doe II*, 655 F.2d at 922 n.1 (recognizing enhanced risks to long-term prison inmate).

*Doe v. Advanced Textile Corp.*, 214 F.3d at 1067.

In the present case, plaintiff Doe's need for anonymity outweighs any prejudice to the opposing party and the public's interest in knowing plaintiff Doe's true identity. As set forth fully in the accompanying Complaint, plaintiff is a resident of public housing provided by defendant San Francisco Housing Authority. Should plaintiff's identity be revealed, he faces the possibility of being evicted from his home. The severity of an eviction of plaintiff Doe by defendants is heightened given that plaintiff will likely be unable to secure comparably affordable housing elsewhere. Moreover, as a firearm owner, disclosure of plaintiff's true identity subjects plaintiff to criminal prosecution for violation of San Francisco Police Code Section 617. The need for anonymity to protect Plaintiff from eviction for violation of his lease provisions and from criminal prosecution is substantial.

Conversely, defendants' interest and the public's interest in knowing plaintiff's identity are minimal. Defendants are aware that the aggrieved party whom is filing the suit against them is a resident of Valencia Gardens Housing. Defendants do not have a significant interest in learning the exact identity of plaintiff Doe, nor will defendants be burdened in their defense of plaintiffs' claims that defendants' policies of banning firearms in public housing is unconstitutional. Any public interest in favor of disclosure is outweighed by the need for anonymity to protect plaintiff from eviction for violation of his lease provisions and from criminal prosecution.

As well, application of the factors set forth in *Does through XXIII* where pseudonyms are used to shield a party from retaliation weigh in favor of proceeding anonymously. First, plaintiff Doe faces the potential for severe harm through the

1  threat of retaliatory eviction for his violation of the lease provisions and/or for
2  unrelated reasons motivated solely by plaintiff' filing of this suit. As well, plaintiff
3  faces the possibility of retaliation by defendant City and County of San Francisco
4  through harassment and/or criminal prosecution. Plaintiff also faces the potential
5  for physical retaliation by members of the public due to disclosure of his sexual
6  orientation.

7  Second, plaintiff's fears are reasonable and justifiable given defendants'
8  openly hostile stance on the ownership of firearms, and in light of the difficulty of
9  securing public housing along with the scrutiny in which it is regulated.

10  Finally, plaintiff Doe's vulnerability to retaliation weighs in favor of
11  anonymity. As a resident of public housing, plaintiff Doe is not well-situated to
12  defend against retaliation or harassment by defendants. Moreover, as a homosexual
13  living in a high crime neighborhood, plaintiff is especially vulnerable to physical
14  retaliation by the public due his perceived sexual orientation and the prevalence of
15  sexual orientation-based hate crimes in plaintiff's neighborhood and surrounding
16  areas.

17  It is hereby requested that the Court grant plaintiff Guy Montag Doe's motion
18  for leave to proceed anonymously.

19  Date: June 26, 2008                                TRUTANICH - MICHEL, LLP

                                                      C. D. Michel
                                                      Attorneys for Plaintiffs