IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUY MONTAG DOE, et al.,

              Plaintiffs,

       v.

SAN FRANCISCO HOUSING AUTHORITY, et al.,

              Defendants.

NO. C 08-3112 TEH

ORDER ON PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

      With this action, Plaintiffs Guy Montag Doe, the National Rifle Association of America, and Citizens Committee for the Right to Keep and Bear Arms challenge San Francisco's regulations prohibiting public housing residents from possessing firearms in their homes. The Complaint alleges that Plaintiff Doe is a homosexual man living in public housing administered by the San Francisco Housing Authority, who keeps a firearm in his home "for protection, particularly against perpetrators of sexual orientation-based hate crimes." Complaint, ¶¶ 2, 16. Doe requests leave to proceed anonymously because he fears possible harassment, physical harm, retaliation, eviction, or criminal prosecution if his identity is revealed. Motion to Proceed Anonymously, filed June 27, 2008 at 3-4.

      As the Ninth Circuit has explained, ordinarily

> [p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990), and Rule 10(a)'s command that the title of every complaint "include the names of all the parties," Fed.R.Civ.P. 10(a).

*Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000); *see also Cowley v. Pulsifer,* 137 Mass. 392, 394 (1884) (Holmes, J.) (discussing the "vast importance to the public that the proceedings of courts of justice should be universally known").

Nonetheless, the Ninth Circuit gives this court discretion to allow parties to proceed anonymously. *Does v. Advanced Textile Corp.*, 214 F.3d at 1068. A party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Where a party seeks to proceed pseudonymously because he or she fears retaliation, the district court should consider the following factors:

> (1) the severity of the threatened harm, ...(2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation..... The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. .... Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities.

*Id.* at 1068-69 (citations omitted).

Plaintiff bears the burden of demonstrating a legitimate need to proceed anonymously. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). Doe relies solely on the allegations of his Complaint to argue that these factors weigh in favor of allowing him to proceed anonymously. While the Court may assume the truth of the allegations of the complaint in some circumstances (as in a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)), nothing allows it to do so here. Plaintiff must "offer substantive proof" regarding the danger of retaliation and his need for anonymity. *Doe v. D.M. Camp & Sons*, 2008 WL 895938, 3 (E. D. Cal. March 31, 2008); *see also Doe v. Smith,* 105 F.Supp.2d 40, 42-43 (E.D.N.Y. 1999)(although court initially found it could not accord weight to factor favoring anonymity where plaintiff offered virtually no evidence on that issue, court allowed plaintiff to proceed pseudonymously after sufficient evidentiary showing). In *Does v. Advanced Textile Corp.* itself, for example, the plaintiffs' Complaint alleged that they feared that they would face physical violence, the threat of violence, deportation and arrest, and retaliation on their families if their identities were revealed. 214 F.3d at 1063. But the Ninth Circuit did not review the allegations of the complaint to weigh the plaintiffs' interest in proceeding anonymously and analyze the factors

2

1  set out above; instead, it relied on plaintiffs' declarations, filed under seal in support of their
2  motion to proceed anonymously, that described the basis for their fears. *Id.* at 1064-65; *see*
3  *also Qualls*, 228 F.R.D. at 11-2 (discussing sufficiency of evidence submitted in support of
4  motion for leave to proceed under pseudonym).

5        Because Plaintiff has made no evidentiary showing whatsoever, he has not met his
6  burden of showing that his need to proceed anonymously outweighs the Defendants' and
7  public's interest in knowing his identity. However, the Court will allow Plaintiff an
8  opportunity to make the appropriate showing. Plaintiff shall have 30 days from the date of
9  this Order to file a noticed motion for leave to proceed anonymously in conformity with
10 Local Rule 7-2 to 7-5. Plaintiff may request to file confidential portions of supporting
11 declarations or other evidence under seal pursuant to Local Rule 79-5, as appropriate. The
12 motion should also discuss the propriety of alternatives to complete anonymity, such as
13 having Plaintiff file his name subject to an appropriate protective order, or under seal for *in*
14 *camera* review.

16 **IT IS SO ORDERED.**

18 Dated: July 11, 2008

                         THELTON E. HENDERSON, JUDGE
19                          UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California

3