```
1  C. D. Michel - S.B.N. 144258
   Don B. Kates - S.B.N. 39193
2  Jason A. Davis - S.B.N. 222250
   Clinton B. Monfort - S.B.N. 255609
3  TRUTANICH • MICHEL, LLP
   180 E. Ocean Boulevard, Suite 200
4  Long Beach, CA 90802
   Telephone: 562-216-4444
5  Facsimile: 562-216-4445
   Email: cmichel@tmllp.com
6
7  Attorneys for Plaintiffs
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GUY MONTAG DOE, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS,<br><br>Plaintiffs<br><br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY, MIRIAM SAEZ, IN HER OFFICIAL CAPACITY, HENRY ALVAREZ III, IN HIS OFFICIAL CAPACITY, THE CITY AND COUNTY OF SAN FRANCISCO, GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY JOHN STEWART COMPANY, AND DOES 1-10,<br><br>Defendants. | CASE NO. CV-08-03112 TEH<br><br>**DECLARATION OF C. D. MICHEL IN SUPPORT OF PLAINTIFFS' MOTION TO ENLARGE TIME; EXHIBIT "A"**<br><br>Dept.:   Courtroom 12 19th Floor |

I, the undersigned, declare as follows:

1.  I am an attorney at law, duly licensed to practice and practicing before all the Courts of the State of California and the United States District Court for the Northern District of California. I am an associate with the law firm of

1 | Trutanich•Michel, LLP, attorneys of record for Plaintiffs in this action.  I am one of
2 | the attorneys assigned to this matter and, as such, I am readily familiar with this
3 | litigation.  The facts herein are within my personal knowledge and if called and
4 | sworn as a witness, I would and hereby do, testify competently thereto.
5 |     2.   This court previously set August 11, 2008 as the deadline for Plaintiffs to
6 | file their Motion to Proceed Anonymously.  A true and correct copy of the July 11,
7 | 2008 Order of this Court is attached hereto as Exhibit "A."
8 |     3.   Plaintiffs and Defendants are currently engaged in settlement negotiations
9 | and negotiations to dismiss defendants City and County of San Francisco and
10 | Gavin Newsom from this suit.
11 |     4.   Plaintiffs have not requested a continuance of any deadlines thus far in
12 | this litigation.
13 |     5.   If the current negotiations between the parties result in settlement of this
14 | case, Plaintiffs will not move this court to proceed anonymously.
15 |     6.   On August 5, 2006 our office contacted Defendants San Francisco
16 | Housing Authority and the City and County fo San Francisco in a good faith effort
17 | to request that Defendants stipulate to an extension for Plaintiffs to file their
18 | Motion to Proceed Anonymously given the ongoing settlement negotiations
19 | between the parties.
20 |     7.   On August 5, 2008 Defendant San Francisco Housing Authority, by and
21 | through its attorney, Tim Larsen, informed Plaintiffs that he would be willing to
22 | stipulate on this issue.
23 |     8.   On August 5, 2008,Defendant City and County of  San Francisco, by and
24 | through its attorney, Wayne Snodgrass, informed Plaintiffs that he did not wish to
25 | stipulate and thereby enter a general appearance, but would not oppose Plaintiffs'
26 | motion.
27 |     9.   Plaintiffs have been unable to contact counsel for Defendant John Stewart
28 | Company after repeated attempts. It is Plaintiffs' belief that they are unable to

1 | communicate with counsel for Defendant John Stewart Company because
2 | Defendants have not been served with a complaint in this action.
3 |   10. Defendants have not been served with a Complaint in this action due to
4 | the fact that Plaintiffs are engaged in ongoing negotiations with Defendants San
5 | Francisco Housing Authority and City and County of San Francisco that will likely
6 | result in the release of the City and County of San Francisco from this suit and the
7 | filing of an amended complaint. The filing of an amended complaint by Plaintiffs,
8 | and likewise the substance thereof, is dependant upon current discussions between
9 | the parties.
10 |   11. On August 5 and 6, 2008, via telephone and electronic mail, Plaintiffs
11 | informed several of Defendants' employees of the reason for Plaintiffs' contact and
12 | their intentions to seek a continuance of this deadline.
13 |   12. At this time, the parties are unable to stipulate on this issue and Plaintiffs
14 | have informed each of Defendants of their intention to file a motion with this court
15 | requesting an extension of forty-five days to file their Motion to Proceed
16 | Anonymously.
17 |   13. Given Plaintiffs' efforts to proceed with suit against only those parties
18 | who are crucial to this litigation, and given the parties' ongoing attempts to settle
19 | this case in the very early stages of this litigation, Plaintiffs and Defendants alike
20 | will be burdened, respectively, if they are required to file and respond to Plaintiffs'
21 | Motion to Proceed Anonymously prematurely, and given the impending likely
22 | settlement of this action.

Date: August 8, 2008

                                               /S/
                                           C. D. Michel
                                           Attorneys for Plaintiffs

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUY MONTAG DOE, et al.,

               Plaintiffs,

v.

SAN FRANCISCO HOUSING AUTHORITY, et al.,

               Defendants.

NO. C 08-3112 TEH

ORDER ON PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

With this action, Plaintiffs Guy Montag Doe, the National Rifle Association of America, and Citizens Committee for the Right to Keep and Bear Arms challenge San Francisco's regulations prohibiting public housing residents from possessing firearms in their homes. The Complaint alleges that Plaintiff Doe is a homosexual man living in public housing administered by the San Francisco Housing Authority, who keeps a firearm in his home "for protection, particularly against perpetrators of sexual orientation-based hate crimes." Complaint, ¶¶ 2, 16. Doe requests leave to proceed anonymously because he fears possible harassment, physical harm, retaliation, eviction, or criminal prosecution if his identity is revealed. Motion to Proceed Anonymously, filed June 27, 2008 at 3-4.

As the Ninth Circuit has explained, ordinarily

> [p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990), and Rule 10(a)'s command that the title of every complaint "include the names of all the parties," Fed.R.Civ.P. 10(a).

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see also Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.) (discussing the "vast importance to the public that the proceedings of courts of justice should be universally known").

Nonetheless, the Ninth Circuit gives this court discretion to allow parties to proceed anonymously. *Does v. Advanced Textile Corp.*, 214 F.3d at 1068. A party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Where a party seeks to proceed pseudonymously because he or she fears retaliation, the district court should consider the following factors:

> (1) the severity of the threatened harm, ...(2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation..... The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. .... Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities.

*Id.* at 1068-69 (citations omitted).

Plaintiff bears the burden of demonstrating a legitimate need to proceed anonymously. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). Doe relies solely on the allegations of his Complaint to argue that these factors weigh in favor of allowing him to proceed anonymously. While the Court may assume the truth of the allegations of the complaint in some circumstances (as in a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)), nothing allows it to do so here. Plaintiff must "offer substantive proof" regarding the danger of retaliation and his need for anonymity. *Doe v. D.M. Camp & Sons*, 2008 WL 895938, 3 (E. D. Cal. March 31, 2008); *see also Doe v. Smith,* 105 F.Supp.2d 40, 42-43 (E.D.N.Y. 1999)(although court initially found it could not accord weight to factor favoring anonymity where plaintiff offered virtually no evidence on that issue, court allowed plaintiff to proceed pseudonymously after sufficient evidentiary showing). In *Does v. Advanced Textile Corp.* itself, for example, the plaintiffs' Complaint alleged that they feared that they would face physical violence, the threat of violence, deportation and arrest, and retaliation on their families if their identities were revealed. 214 F.3d at 1063. But the Ninth Circuit did not review the allegations of the complaint to weigh the plaintiffs' interest in proceeding anonymously and analyze the factors

set out above; instead, it relied on plaintiffs' declarations, filed under seal in support of their motion to proceed anonymously, that described the basis for their fears. *Id.* at 1064-65; *see also Qualls*, 228 F.R.D. at 11-2 (discussing sufficiency of evidence submitted in support of motion for leave to proceed under pseudonym).

Because Plaintiff has made no evidentiary showing whatsoever, he has not met his burden of showing that his need to proceed anonymously outweighs the Defendants' and public's interest in knowing his identity. However, the Court will allow Plaintiff an opportunity to make the appropriate showing. Plaintiff shall have 30 days from the date of this Order to file a noticed motion for leave to proceed anonymously in conformity with Local Rule 7-2 to 7-5. Plaintiff may request to file confidential portions of supporting declarations or other evidence under seal pursuant to Local Rule 79-5, as appropriate. The motion should also discuss the propriety of alternatives to complete anonymity, such as having Plaintiff file his name subject to an appropriate protective order, or under seal for *in camera* review.

**IT IS SO ORDERED.**

Dated: July 11, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3