1 C. D. Michel - S.B.N. 144258
Don B. Kates - S.B.N. 39193
2 Jason A. Davis - S.B.N. 222250
Clinton B. Monfort - S.B.N. 255609
3 TRUTANICH • MICHEL, LLP
180 E. Ocean Boulevard, Suite 200
4 Long Beach, CA 90802
Telephone: 562-216-4444
5 Facsimile: 562-216-4445
Email: cmichel@tmllp.com
6
7 Attorneys for Plaintiffs

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 SAN FRANCISCO DIVISION

| | |
|---|---|
| GUY MONTAG DOE, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS,<br><br>Plaintiffs<br><br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY, MIRIAM SAEZ, IN HER OFFICIAL CAPACITY, HENRY ALVAREZ III, IN HIS OFFICIAL CAPACITY, CITY AND COUNTY OF SAN FRANCISCO, GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY, JOHN STEWART COMPANY, AND DOES 1-10,<br><br>Defendants. | CASE NO. CV-08-03112 TEH<br><br>**NOTICE OF OR MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND GAVIN NEWSOM**<br><br>Dept.: Courtroom 12- 19th Floor |

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of Civil Procedure Rule 41(a), Plaintiffs GUY MONTAG DOE, et. al. voluntarily dismiss Defendants CITY AND COUNTY OF SAN FRANCISCO and GAVIN NEWSOM from the above-captioned action without prejudice. Since the defendants have not been served with the Complaint, it would appear this action can be taken simply by

1

1 way of notice. To the extent court approval is required plaintiffs respectfully
2 request this be considered a motion for such approval.

## BACKGROUND

Plaintiffs named the City and County of San Francisco and Mayor Gavin Newsom as defendants in this action based on statements made by and information obtained from those defendants and from others. The information caused plaintiffs to believe that those defendants were at least in part responsible for the current ban on the possession of all firearms in San Francisco public housing facilities because of a recently enacted ordinance banning the possession of firearms on property owned or controlled by San Francisco. (San Francisco Police Code § 617.)

For example, on May 15, 2007 Mayor Newsom held a press conference introducing the ordinance banning the possession of firearms on property owned or controlled by San Francisco. When asked if the ordinance would apply in public housing, Newsom said: "Yes, yes it does. It is our intent to include it." When asked as a follow up question whether the ordinance would ban the possession of firearms by a law-abiding resident of public housing who chooses to own a firearm to protect her family in her own home, Newsom confirmed: "It is our intent to move in that direction." (Newsom Press Conference, May 15, 2007, available online at: http://sanfrancisco.granicus.com/MediaPlayer.php?view_id=18&clip_id=3577.)

Prior to filing this lawsuit, plaintiffs submitted several public records act requests to various San Francisco officials seeking information about all of the ordinances and policies that regulate the possession of firearms in public housing. (See Exhibit 1.) San Francisco responded with information indicating that San Francisco Police Code section 617 was adopted in part to formally support San Francisco's and Newsom's policy and goal of banning firearms possession in public housing, and that it could apply in public housing. (See Response to Public Records Act Request attached as Exhibit 2.)

Plaintiffs learned that administrators of public housing in San Francisco also believed the San Francisco ordinance applied. (For example, see Exhibit 3.) Perhaps Mayor Newsom's statements (either public, or later private statements) led them to believe this. That might explain why Defendant John Stewart Company subsequently amended its "House Rules" to ban the possession of firearms in the Valencia Gardens public housing complex.

Regardless, after this lawsuit was filed the San Francisco City Attorney's office formally confirmed that Police Code section 617 actually does *not* apply in public housing residences and does *not* ban the possession of firearms by public housing residents.

This is now confirmed in that attached stipulation between plaintiffs and Defendants City and County of San Francisco, Gavin Newsom, and the San Francisco Housing Authority. (See Exhibit 4.)

In light of this, only the current lease provisions, which are also challenged in this lawsuit, act to ban possession of firearms in the public housing units. San Francisco and Newsom do not directly control or pass housing authority lease provisions. Accordingly, plaintiffs now move to dismiss Defendants CITY AND COUNTY OF SAN FRANCISCO and GAVIN NEWSOM from the above-captioned action without prejudice.

Date: October 24, 2008              TRUTANICH • MICHEL, LLP

                                    _____/S/_____
                                    C. D. Michel
                                    Attorney for Plaintiffs



IT IS SO ORDERED
Judge Thelton E. Henderson
10/27/08

3